**BOARD OF COUNTY COMMISSIONERS OF LINCOLN COUNTY, Oklahoma,** Plaintiff in Error,

v.

**W X C CO., a corporation et al.,** Defendants in Error.

**No. 42337.**

Supreme Court of Oklahoma.

July 28, 1970.

John L. Clifton, Dist. Atty., Paul Vassar, Joe Young, Asst. Dist. Attys., Chandler, for plaintiff in error.

Murdock, Schwabe & Monnet, Tulsa, for defendants in error, Barbara Y. Schwabe, George Blaine Schwabe, Jr., John Leonard Schwabe, Robert Vernon Schwabe, William Henry Schwabe, Emily Jeanette Bailey, Sterling Oil of Oklahoma, Inc., Southeast Sac & Fox Prue Sand Unit, and Fourth Nat. Bank of Tulsa.

Glenn R. Davis, Tulsa, for defendants in error, WXC Co., Wilcox Oil Co., and Tenneco Oil Co.

J. P. Greve, N. E. Proctor, Jr., and Paul D. Fielding, Jr., Tulsa, for defendant in error, Sunray-DX Oil Co.

William H. Bell, Tulsa, for defendants in error, A. G. Blauner and M. C. Blauner.

M. C. Spradling, Tulsa, for defendant in error, H. M. Lundquist.

WILLIAMS, Justice.

The Board of County Commissioners of Lincoln County, plaintiff in error herein, brought this action in the trial court to quiet title to 13.77 acres of land in Lincoln County and for an accounting of the income received by defendants from the sale of oil and gas produced from the property.

The land involved herein was conveyed by W. H. and Jestin Hicks to Deep Fork Drainage District Number One of Lincoln County, Oklahoma (drainage district) by a deed executed in March, 1916. The granting clause of this deed provided that the grantors " * * * hereby quit-claim, grant, bargain, sell, convey and release" unto the drainage district " * * * as right-of-way for drainage ditch, a strip of land over and across" certain described land. The land conveyed was a strip " * * * 150 feet on either side of the center line of said drainage ditch as the same is now surveyed and located across said lands." The provisions of the habendum clause read: "To have and to hold the same for such purpose in the said district and its assigns forever."

In its petition instituting this action, plaintiff alleged that there was presently no commissioner of the drainage district and that it (plaintiff) was the board of commissioners, ex officio, of the district; that plaintiff was the owner of the fee simple title to and in possession of the strip of land described; and, that defendants claimed some right, title or interest in and to the described land adverse to plaintiff. As noted above, plaintiff prayed to have its title quieted and, in its second cause of action, sought an accounting of the oil and gas income received by defendants from the property involved herein.

Defendants filed various demurrers to plaintiff's petition on the grounds, among others, that plaintiff had no legal capacity to sue and that the petition failed to state a cause of action. Thereafter, the trial court sustained the demurrers on the latter stated ground. From this judgment and an order overruling its motion for a new trial, plaintiff appeals.

■ In our opinion, the determinative issue on appeal is not whether under the terms of the 1916 deed, a full fee simple title on the one hand or merely a right-of-way easement on the other was sought to be conveyed. Rather, it is whether the drainage district was legally empowered to acquire a full fee simple title or merely a right-of-way or easement for the improvements contemplated. This reasoning is based upon the theory that if there were no legal authority for the drainage district to acquire a fee simple title to land in the district, such district could not acquire fee simple title even though a deed might purport to convey a fee simple title.

In the instant case, there are statutory restrictions placed upon the nature of the estate that may be acquired by a drainage district. Plaintiff in error cites cases which involve an entity capable of receiving fee title and therefore are not applicable here.

■ From the provisions of the Oklahoma State Drainage Act, 82 O.S.1961 § 281 et seq., it is clear that its purpose is to provide for the construction of drains and ditches to be used in carrying surface or flood water off any lots or lands or for the prevention of the inundation of lots or lands by flood waters. To accomplish these objectives, the Act provides for the creation of drainage districts. Concerning these districts, this Court, in Board of Com'rs of Lincoln County v. Robertson, 35 Okl. 616, 130 P. 947, 949, has stated:

" * * * Under the drainage act and its amendments (chapter 32 of Comp. Laws 1909, and chapter 79, Sess.Laws 1910), a drainage district is a separate, independent, and distinct entity from the county itself. It is not brought into existence or created for the purpose of either county, township, or any other species of municipal government. It presents merely a voluntary or involuntary association of a number of people whose lands lie within a certain drainage belt under which certain improvements are made which increase the utility and value of the lands therein, and which is recognized and controlled by the statutes of the state for the reason that it conduces to the general welfare of the people of the county or the state. The people primarily interested in the project are always those whose lands are bene-

fitted or damaged and who either pay for the benefits or receive pay for the damages."

In section 284 of the Drainage Act, drainage district is " * * * empowered to acquire the necessary *right-of-way* for canals, drains, ditches and levees and other necessary improvement contemplated by this chapter by gift, grant and purchase, as well as by condemnation proceedings." (Emphasis added). This grant of authority to the drainage district to acquire right-of-way is repeated in §§ 311, 333 and 337 of the Act. There is no provision in the Act which authorizes a district to acquire fee simple title to property needed to make the improvements contemplated.

█ We are not unmindful of our holding in Mitchell v. Williamson, Okl., 304 P. 2d 314, of effect that a unit of local government may accept a gift of property intended to be dedicated for charitable purposes administered by such local subdivision. We are, however, of the view that the entity herein involved could not itself or by the County or The Board of County Commissioners as trustee therefor accept a quality of title greater than that contemplated by the Act herein involved as discussed herein.

Section 447 of the Act provides for the dissolution of a drainage district by a decree of a district court, and further provides as follows:

" * * * and upon such decree such drainage district shall stand dissolved and all proceedings to formulate such drainage district shall stand vacated and annulled, and all property embraced within such drainage district shall occupy the same status as it occupied prior to the formation of such district and shall be released and relieved from all of the restrictions imposed upon it by reason of the formation of such district."

From the above cited provisions of the Act, it is our opinion that a drainage district can acquire only a *right-of-way*, or easement, to property necessary for the improvements to be made. As shown, the Act provides for the acquisition of right-of-way only and further provides upon dissolution of the drainage district, for the property acquired to return to the status it occupied prior to the district's formation. It is clear the Act grants a drainage district authority to acquire an estate in land only large enough and for the length of time necessary to accomplish the purposes intended. The Act does not grant the district authority to obtain absolute fee simple title. Rather it appears to clearly negative that interpretation.

In Gutensohn v. McGuirt, 194 Okl. 64, 147 P.2d 777, 781, wherein we were concerned with the nature of the estate acquired by a railroad company pursuant to an Act of Congress in a right-of-way through the Creek Nation, this Court stated:

" * * * There was no specific grant of authority for the railroad company in any case to acquire fee simple title to the land it proposed to use as a right-of-way through the Creek Nation. It is apparent that it was the intention of Congress that no such title could be acquired.

"It therefore appears that the Fort Smith & Western Railroad Company did not have authority to acquire fee simple title to the land belonging to the Creek Nation over which it was authorized to obtain a right-of-way, and that said instrument, in so far as it purports to convey fee simple title, was a nullity."

In our view, Deep Fork Drainage District Number One of Lincoln County would only acquire and did only acquire title to a right-of-way or easement under the deed here in question. Gutensohn v. McGuirt, 194 Okl. 64, 147 P.2d 777, supra.

The judgment of the trial court is affirmed.

All the Justices concur.